1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
     A Limited Liability Partnership
2    Including Professional Corporations
   SHANNON Z. PETERSEN, Cal. Bar No. 211426
3    spetersen@sheppardmullin.com
   501 West Broadway, 19th Floor
4  San Diego, California 92101-3598
   Telephone:    619.338.6500
5  Facsimile:    619.234.3815

6  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   PAUL A. WERNER, DC Bar No. 482637 (*pro hac vice* pending)
7    pwerner@sheppardmullin.com
   DAVID M. POWERS, DC Bar No. 998356 (*pro hac vice* pending)
8    dpowers@sheppardmullin.com
   1300 I Street, N.W, 11th Floor East
9  Washington, D.C. 20005-3314
   Telephone:    202.469.4910
10 Facsimile:    202.312.9459

11 Attorneys for Plaintiff
   MILLENNIUM LABORATORIES, INC.
12

13                UNITED STATES DISTRICT COURT

14                SOUTHERN DISTRICT OF CALIFORNIA

15

| 16 | MILLENNIUM LABORATORIES, INC., | Case No. **'14CV0021 JLS  RBB** |
|---|---|---|
| 17 | Plaintiff, | **COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT, STATE TRADEMARK INFRINGEMENT, COMMON LAW TRADEMARK INFRINGEMENT, FEDERAL UNFAIR COMPETITION, STATE UNFAIR COMPETITION, AND COMMON LAW UNFAIR COMPETITION** |
| 18 | v. | |
| 19 | VERIMED, LLC, | |
| 20 | Defendant. | |
| 21 | | |
| 22 | | JURY TRIAL REQUESTED |
| 23 | | |

24      Plaintiff Millennium Laboratories, Inc. ("Plaintiff" or "Millennium"), brings this

25 Complaint for Federal Trademark Infringement, Federal Unfair Competition, Common

26 Law Unfair Competition, State Trademark Infringement, Statutory Unfair Competition,

27 and Common Law Trademark Infringement against VeriMed, LLC ("Defendant" or

28 "VeriMed").

# INTRODUCTION

Millennium is an established leader in the clinical drug testing industry and operates a cutting-edge, full-service, complex clinical laboratory in San Diego, California. Millennium's current and prospective customers primarily include physicians, hospitals, and treatment centers who treat patients for chronic pain and addiction. Drug testing is a vital tool used by physicians to treat these patients – many of whom are prescribed controlled substances as part of their treatment – and helps ensure prescription compliance, deter drug diversion, misuse, or abuse, and guard against improper prescription drug interactions.

From its inception, Millennium has built a reputation for accurate testing, delivering treating physicians some of the fastest results in the industry, high touch customer service, and dedication to research and education. Shortly after entering the marketplace, Millennium introduced a signature report – its "Rapid Assessment Drug Adherence Report," or RADAR – to convey the results of its testing to its physician customers. Millennium has dedicated substantial resources to developing and marketing its RADAR, and it registered the trademark RADAR in 2011. Millennium has exclusively and continuously marketed its products and services under this mark and also extensively promoted its mark. As a result of Millennium's effort, the relevant market, and Millennium's current and prospective customers, have come to associate RADAR with Millennium's products and services and the mark is aligned with and signals Millennium's goodwill and reputation.

Notwithstanding Millennium's longstanding and well-known use and promotion of its products and services under the RADAR mark, another company in a related line of business to Millennium's recently introduced its own medical report using a mark identical to Millennium's. VeriMed, a technology and pharmaceutical company, brought to market its "Risk Assessment of Diversion and Aberrancy" report on December 3, 2013. VeriMed's RADAR purports to provide a psychometric assessment of a patient's risk of abusing or diverting prescription medication. VeriMed's RADAR – like Millennium's – is

-1-

for use by physicians who treat patients prescribed controlled substances – just like Millennium's. Accordingly, VeriMed markets its report to the same physicians to whom Millennium promotes and sells its RADAR.

VeriMed's use of Millennium's established and registered RADAR mark is not authorized by Millennium. Instead, VeriMed's use of Millennium's identical mark is a willful and improper effort to trade on Millennium's hard won goodwill and reputation in order to gain acceptance and recognition for its own products and services. VeriMed's use of an identical mark, for a related product, marketed and sold to an overlapping customer pool is likely to create, and, on information and belief, has created confusion among consumers – namely, physicians and other healthcare professionals and organizations, to whom both parties market their goods and services. This use is obviously (indeed, intended to be) deceptive, and it is unlawful, in violation of multiple federal and state laws. VeriMed's ongoing misuse of Millennium's mark has harmed and continues to harm Millennium.

Millennium now brings this Complaint against VeriMed for injunctive and declaratory relief and monetary damages.

## THE PARTIES

1. Plaintiff Millennium is a leading provider of clinical drug testing services. Among its customers, Millennium serves physicians, hospitals, and treatment centers who treat patients for chronic pain and addiction.

2. Millennium is a California corporation with its principal place of business at 16981 Via Tazon, San Diego, CA 92127.

3. Defendant VeriMed is a technology and pharmaceutical business that purports to assists physicians and others in mitigating the risk of patient substance abuse and drug diversion through psychometric assessment.

4. VeriMed is a North Carolina limited liability company with a principal place of business at 525 N. Tryon Street, Suite 1600, Charlotte, North Carolina 28202.

5. On information and belief, Verimed's members are residents of North Carolina, not California.

6. VeriMed is currently marketing its products and services nationwide, including in California.

## JURISDICTION AND VENUE

7. This is an action for: trademark infringement under 15 U.S.C. § 1114; unfair competition in violation of the Lanham Act arising under 15 U.S.C. §§ 1125 *et seq*.; unfair competition arising under the common law of California; violation of California's statutory unfair competition law arising under Cal. Bus. & Prof. Code § 17200 and § 17500; state trademark infringement under Cal. Bus. & Prof. Code § 14245; and common law trademark infringement.

8. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Millennium alleges violations of federal law.

9. This Court also has jurisdiction over this action pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. § 1338(a) and (b).

10. The Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the controversy is between citizens of different states and the matter involved exceeds the sum or value of $75,000, exclusive of interest and costs.

11. The Court has supplemental jurisdiction over Millennium's state law claims pursuant to 28 U.S.C § 1367(a).

12. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because a substantial portion of the events giving rise to the claims for relief stated in this Complaint occurred in this District.

13. Millennium is located in this District. Millennium developed and promotes its trademark that is the subject of this action in this District.

14. VeriMed markets its infringing products and services in this District and its unlawful conduct is harming Millennium in this District.

## FACTUAL ALLEGATIONS

15. Millennium is an established leader in the clinical drug testing industry and operates a cutting-edge, full-service, complex clinical laboratory in San Diego, California.

16. Millennium has established a reputation for accurate testing, while delivering some of the fastest turnaround times in the industry, and for high touch customer service and dedication to research and education.

17. Millennium is licensed and provides service in all 50 States.

18. Soon after entering the market in 2008, Millennium began marketing the report that contains the results of the drug testing that it performs for its physician customers under the trademark "RADAR" (or, "R.A.D.A.R"), which is an acronym for "Rapid Assessment Drug Adherence Report."

19. Millennium's RADAR report is the principal means by which it interacts with and delivers its services to its physician customers. Physicians refer patient specimens to Millennium and can order a variety of testing services. Millennium's RADAR report provides physicians the results of the tests that they ordered for any given patient in a comprehensive and user-friendly manner, as well as provides additional proprietary information for their use in making clinical treatment decisions.

20. Use of the acronym RADAR to identify Millennium's report is intended to align its brand with the quality of its services in the minds of its customers and prospective customers in order to help build and reinforce the company's goodwill and reputation. Among other things, RADAR signals the speed, quality, and accuracy of Millennium's testing, as well as the company's commitment to research and education.

21. Since adopting the mark RADAR, Millennium has undertaken substantial efforts to have this mark associated with its brand, services, and reputation, through substantial direct, print, and online marketing efforts.

22. Millennium's RADAR mark is a duly registered trademark with the U.S. Patent and Trademark Office. A true and correct copy of Plaintiff's U.S. Reg. No. 4,044,667 of RADAR is attached hereto as **Exhibit A**.

23. Millennium's trademark was issued on October 25, 2011, for printed reports featuring urinalysis results in Class 16 based on a first use of March 21, 2011.

24. Millennium also has a pending trademark application for RADAR, Serial No. 85/888133 filed on March 27, 2013, for printed reports featuring urinalysis results in Class 16, based on "intent to use," and for providing clinical results analysis by telephone in the field of drug testing. The specific identified use is for a telephone clinical support hotline to address issues related to patient drug test results and toxicology in Class 44, based on use beginning on July 1, 2012.

25. The Patent and Trademark Office approved the application and issued a Notice of Allowance on October 22, 2013.

26. Millennium regularly and extensively markets its distinctive RADAR products and services via a wide variety of channels, including through direct, in-person marketing of its sales representatives, printed materials, and online via its commercial and educational website.

27. Millennium has extensively promoted its products and services using the RADAR mark since at least March 21, 2011.

28. Because Millennium has been using the RADAR mark exclusively and continuously for the products and services it offers for several years, and expended extensive resources to promote its mark, consumers have come to associate the mark and the products and services with Millennium.

29. Millennium's RADAR mark is well-known and recognized in the clinical drug testing industry, by physicians, treatment centers, and other healthcare professions, as being affiliated with Millennium

30. Notwithstanding Millennium's long use of the RADAR mark and the prevalence of the mark in the drug testing industry, however, VeriMed filed an "intent-to-use" trademark application for RADAR, Serial No. 86/075515, on September 26, 2013, for web-based psychometric assessment reporting services.

1  31. On or about December 26, 2013, VeriMed withdrew its trademark
2  application.
3  32. Notwithstanding its withdrawal of its trademark application, however,
4  VeriMed has asserted and continues to assert service mark protection for use of RADAR,
5  including but not limited to, on its commercial website.
6  33. VeriMed and Millennium are in related lines of business. According to its
7  commercial website, "VeriMed is a pharmaceutical technology company that has
8  developed a secure, transparent and safe supply chain for the delivery of controlled
9  substances."
10  34. VeriMed has developed, markets, and sells "proprietary technology" for use
11  by physicians who prescribe controlled substances, such as physicians who treat patients
12  for pain and addiction to "mitigate risk and protect their interests, while helping curb the
13  abuse and diversion of opioid medications."
14  35. Among VeriMed's "proprietary technology" is its RADAR psychometric
15  assessment. As used by VeriMed, RADAR stands for "Risk Assessment of Diversion and
16  Aberrancy" Report.
17  36. VeriMed's psychometric assessment contained in the RADAR aims to
18  provide health care providers and pharmacists with information about a given patient's risk
19  of abusing or diverting prescription medication. VeriMed markets its RADAR as useful
20  for doctors concerned about their patients making an illegal use of an otherwise lawfully-
21  prescribed pharmaceutical.
22  37. In other words, VeriMed's RADAR – just like Millennium's RADAR
23  products and services – is a tool for use by physicians in their treatment of chronic pain
24  and addiction patients who are prescribed controlled substances as part of their treatment.
25  38. VeriMed announced its psychometric assessment on December 3, 2013,
26  promoting it under the mark RADAR – a mark identical to the one that Millennium has
27  already used for years.
28

39. VeriMed hailed the release of its RADAR product as the "first patient risk assessment empowering pain physicians to identify patients who may abuse or divert prescription drugs." *See* Press Release attached as **Exhibit B**.

40. Given that both VeriMed's RADAR and Millennium's RADAR products and services are intended to assist physicians in the clinical assessment of patients prescribed controlled substances, VeriMed naturally and intentionally markets its RADAR product to the same physicians treating patients for pain and addiction to whom Millennium sells and markets its RADAR products and services.

41. VeriMed promotes its RADAR product and service, on information and belief, to physicians nationwide, including in California, through direct marketing efforts, printed materials, and its online website. Indeed, VeriMed has touted its RADAR product in the California press.

42. VeriMed's use of Millennium's RADAR mark is reckless, intentional, and willful.

43. VeriMed's website includes extensive promotion of its RADAR product. *See* **Exhibit C**.

44. VeriMed's use of an identical RADAR mark in a field related to Millennium's field, is not authorized by Millennium and is likely to be viewed as the same or complementary to Millennium's goods and services.

45. VeriMed's use of Millennium's RADAR mark is likely to create confusion, and, on information and belief, has confused and deceived consumers as to the source, sponsorship, and affiliation of VeriMed's report.

46. VeriMed's use of Millennium's RADAR mark is likely to create, and on information and belief has created, confusion among customers desiring to obtain services from Millennium.

47. VeriMed's use of Millennium's RADAR mark has harmed and continues to harm Millennium.

## FIRST CLAIM FOR RELIEF

(Trademark Infringement in Violation of 15 U.S.C. § 1114, Cal. Bus. & Prof. Code § 14245, and the Common Law)

48. Millennium incorporates herein by reference as though set forth in full each and every allegation contained in Paragraphs 1 through 47, inclusive, above.

49. Millennium's RADAR mark is a valid, distinctive, and protectable mark that is owned by Millennium.

50. Millennium has used the RADAR mark in commerce since at least March 2011.

51. VeriMed's use of an identical RADAR mark to sell related products and services to the same physicians to whom Millennium markets and sells its RADAR products and services is likely to cause confusion, or to cause mistake, or to deceive consumers desiring to obtain goods or services from Millennium.

52. Upon information and belief, VeriMed's actions have caused, and will cause, actual confusion among consumers in the marketplace.

53. Upon information and belief, VeriMed's actions have been conducted in commerce and have affected, and will continue to affect, Millennium's business of promoting and offering the products and services under the RADAR mark in commerce and therefore constitute trademark infringement in violation of 15 U.S.C. § 1114, Cal. Bus. & Prof. Code § 14245, and the common law.

54. Upon information and belief, VeriMed's use of the RADAR mark, without more, is likely to confuse or deceive the public as to a sponsorship by or an affiliation with Millennium.

55. On information and belief, VeriMed's unauthorized use of the RADAR mark allows, and will continue to allow, VeriMed to receive a benefit of goodwill built up at great labor and expense by Millennium, and to gain acceptance and recognition for VeriMed's products and services not based on the merit of those products and services, but on the reputation and goodwill of Millennium and Millennium's products and services.

56. VeriMed's actions are jeopardizing the goodwill of Millennium in connection with the RADAR mark, and such actions have caused, or are causing, irreparable injury to Millennium, to the trade, and to consumers.

57. Unless VeriMed's complained-of actions are restrained and enjoined by this Court, they will continue to cause further irreparable injury for which there is no adequate remedy at law.

58. Millennium is further entitled to recover from VeriMed the actual damages it has sustained and will sustain, and any gains, profits, and advantages obtained by VeriMed as a result of its acts of infringement.

59. At present, the amount of such damages, gains, profits, and advantages cannot be fully ascertained by Millennium.

60. Upon information and belief, the intentional nature of VeriMed's actions make this an exceptional case under 15 U.S.C. § 1117 (a).

**SECOND CLAIM FOR RELIEF**

(Unfair Competition Under 15 U.S.C. § 1125(a))

61. Millennium incorporates herein by reference as though set forth in full each and every allegation contained in Paragraphs 1 through 60, inclusive, above.

62. VeriMed's conduct constitutes false designation of origin and/or affiliation in violation of 15 U.S.C. § 1125(a). This conduct includes but is not limited to the conduct by which VeriMed has offered its RADAR product.

63. Upon information and belief, the intentional nature of VeriMed's actions make this an exceptional case under 15 U.S.C. § 1117(a).

**THIRD CLAIM FOR RELIEF**

(Common Law Unfair Competition)

64. Plaintiff incorporates by reference as though set forth in full each and every allegation contained in Paragraphs 1 through 63, inclusive, above.

65. VeriMed's actions constitute unfair competition under the common law of the State of California.

66. Millennium expended significant time and resources developing and marketing its products and services in the field of drug testing using the mark RADAR.

67. VeriMed appropriated the RADAR mark as its own at little or no cost, and without Millennium's consent. VeriMed has marketed its similar product using an identical mark without Millennium's authorization, and Millennium has suffered harm as a result of VeriMed unauthorized use.

68. VeriMed's actions were committed with fraud, malice, and oppression as those terms are defined in Cal. Civ. Code § 3294.

69. VeriMed' actions were intended to cause harm to Millennium, and VeriMed carried on its conduct with a willful and conscious disregard for the rights of Millennium.

70. VeriMed's conduct inflicted cruel and unjust hardship on Millennium with disregard for Millennium's rights, thereby depriving Millennium of its legal rights and causing Millennium injury.

## FOURTH CLAIM FOR RELIEF

(Statutory Unfair Competition Under Cal. Bus. & Prof. Code §§ 17200 & 17500)

71. Millennium incorporates herein by reference as though set forth in full each and every allegation contained in Paragraphs 1 through 70, inclusive, above.

72. VeriMed's actions constitute unlawful, unfair, or fraudulent business practices and deceptive, untrue, or misleading advertising in violation of California statutory law, including violation of Cal. Bus. & Prof. Code § 17200 and § 17500.

73. VeriMed's unlawful, unfair, or fraudulent business practices and deceptive, untrue or misleading advertising have harmed Millennium.

74. Millennium is entitled to an injunction restraining VeriMed, its officers, agents, and employees, and all persons acting in concert or participating with them, from further engaging in any such acts of unfair competition as alleged above.

75. Millennium is further entitled to recover from VeriMed the damages, including attorneys' fees, it has sustained and will sustain, and any gains, profits, and advantages obtained by it as a result of its acts of unfair competition alleged above.

76. At present, the amount of such damages, gains, profits, and advantages cannot be fully ascertained by Millennium.

**PRAYER**

WHEREFORE, Plaintiff prays:

1. For a judgment that VeriMed, its officers, agents, distributors, employees, attorneys, subsidiaries, assigns or related companies, and those in active concert or participation with it, or any of them, who receive actual notice of the judgment by personal service or otherwise, be permanently enjoined from using or employing, directly or indirectly, the RADAR mark or any mark, logo, device or the like that is confusingly similar to the RADAR mark, or is likely to confuse or deceive as to the affiliation, connection, sponsorship, or association of the RADAR mark or products or commercial activities of VeriMed with Millennium or its RADAR mark, or Millennium's commercial activities.

2. That VeriMed be directed to file with this Court, within *thirty* days after entry of any injunction in this case, a written statement, under oath, setting forth in detail the manner in which VeriMed has complied with the injunction;

3. That an accounting be directed to determine the profits of VeriMed resulting from its trademark infringement and unfair competition which are the subject of this suit, and that such damages be multiplied pursuant to 15 U.S.C. § 1117;

4. That Millennium recover its damages, in an as yet undetermined amount, resulting from the trademark infringement and unfair competition of VeriMed;

5. That Millennium recover its costs of this action;

6. That Millennium be awarded its reasonable attorneys' fees in accordance with 15 U.S.C. § 1117(a) and 17 U.S.C. § 1203;

7. That Millennium be awarded punitive damages in an amount to be determined; and

8. That Millennium recover all such other and further relief as the Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Millennium requests a trial by jury on all issues so triable as of right.

Dated: January 3, 2014

                      SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

                      By       *s/ Shannon Z. Petersen*
                                SHANNON Z. PETERSEN

                                Attorneys for Plaintiff
                          MILLENNIUM LABORATORIES, INC.
                          Email: spetersen@sheppardmullin.com